Nov. Term,
1825.

TAYLOR
v.
WALPOLE.

*Smith,* for the plaintiffs.

*Fletcher,* for the state.

---

## TAYLOR v. WALPOLE.

Debt lies by the assignee against the maker of a promissory note.
The commencement of the declaration may be—*A. B.* complains of *C. D.* &c.; instead of—*A. B.* assignee of *E. F.* complains, &c.
The statute authorizing the assignment need not be referred to in the declaration.

Thursday,
November 10.

APPEAL from the *Marion* Circuit Court.—This was an action of debt by *Taylor* against *Walpole* on a promissory note made by the defendant to *Cushing* and *Jewett,* and by them assigned to the plaintiff. The declaration commences, "State of *Indiana, Marion* county, ss. *James Taylor* complains of *Luke Walpole* of a plea, &c.;" and, after setting out the note and assignment, it states, "By means whereof an action hath accrued to the said *James,* &c." General demurrer to the declaration, and judgment for the defendant.

It was contended, on the part of the appellee, 1st, that assumpsit was the proper form of action in this case; 2dly, that the declaration should have commenced, "*James Taylor, assignee of Cushing and Jewett,* complains, &c.;" and 3dly, that after set

ting out the note and assignment, the declaration should have stated, "By means whereof *and by force of the statute in such case made and provided, &c.*"

BLACKFORD, J.—Debt lies in this case. *Thom v. Savage,* July term, 1820.—*Raborg v. Peyton,* 2 Wheat. 385. This last case was debt by an indorsee of a bill of exchange against the acceptor, and the action was sustained. There need be no reference to the statute. *Wilcox v. Webb,* May term, 1823 (1). The plaintiff need not name himself assignee, as the statute gives him the action in his own name. Stat. 1823, p. 329.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with directions to permit the demurrer to be withdrawn, &c.

*Wick.* for the appellant.
*Brown,* for the appellee.

(1) Ante, p. 258.