## SUPREME COURT.

THE PEOPLE OF THE STATE OF NEW YORK agt. WILLIAM B. WRIGHT.

*m*

The trial of a cause for the convenience of witnesses should be had in the county where the witnesses reside; even though they may be required to travel a greater distance than to the court house in an adjoining county, in attending court (*see* 1 *Hill*, 671.)

It is not a sufficient objection to the trial of a cause in the county where all the principal facts arose and a majority of the witnesses reside, that the subject matter of the cause has created much excitement and public and private discussion in the county, and that several respectable individuals in each town of the county have sworn that for such reasons they believe that it is very doubtful whether a fair and impartial trial can be had in the county. An actual experiment should be made by way of attempting to empannel a jury, or the inability to obtain a fair and unprejudiced jury, must be clearly established by showing facts and circumstances from which the court can see that a fair trial can not be had, before the place of trial will be changed.

*Albany Special Term, August* 1850. This was a motion to change the place of trial from Columbia to Rensselaer. The action was brought by the Attorney General in place of the former proceeding by *quo warranto*, and involves the question whether the defendant or Mr. Henry Hogeboom, was elected a Justice of the Supreme Court, in the third judicial district, at an election which took place in November 1849. Issue was joined by service of a replication on 3d August 1850. The facts to be inquired into all occurred in the county of Rensselaer. .

N. HILL, Jr., *for Defendant.*

R. W. PECKHAM, *for Plaintiffs.*

PARKER, Justice.—In support of this motion, the defendant shows by affidavit, that he has 175 witnesses residing in the town of Stephentown in the county of Rensselaer, each of whom, as he expects to prove, voted for him for the office of Justice of the Supreme Court at the last election; and one other witness in that town who acted as clerk of said election. He proves that he has three witnesses residing in the town of Greenbush and two in the town of Lansingburgh in said county, and states what he expects to prove by each of them.

The plaintiff, in resisting this motion, claims but four witnesses residing in the county of Columbia, and it is not shown what, it is expected, will be proved by either of such witnesses, But it is shown by affidavit that the distance from Stephentown to Troy is about 25 miles and to Hudson about 30 miles; and that the witnesses residing in Stephentown would only have to travel five miles farther to attend court in Columbia, than to attend court in Rensselaer county; that the road to Hudson is preferable; and several persons, residing in Stephentown, swear " that they believe the witnesses who should find it necessary to attend the trial in this cause, could as eligibly, conveniently and economically, and would as readily and willingly, attend the trial thereof at the city of Hudson as at the city of Troy." The plaintiff relies upon these facts as furnishing a ground for resisting this motion.

If this position is tenable, it is only applicable to the witnesses residing in Stephentown; and it would still leave the greater number of witnesses residing in Rensselaer, with the additional reason that all the facts in controversy occurred there.

But it is settled by authority that this position is not tenable. In Hull vs. Hull (1 *Hill R.* 671), a motion was made to change the venue from Allegany to Cattaraugus, on an affidavit that the defendant had fifteen witnesses in the latter county. It was shown, in opposition to the motion, that the defendant's witnesses resided nearer to the court house in Allegany than to the court house in Cattaraugus; viz: 25 miles from the former and 27 miles from the latter. But the court granted the motion, and BRONSON, J., said, " on a question of venue, we look to the county in which the witnesses reside, rather than the distance they will have to travel. As a general rule, the convenience of witnesses will be best consulted by having the trial in the county where they reside. That course will be less likely to disturb their social and business relations, than calling them into a foreign county."

The case cited would be an authority for removing the cause to Rensselaer, even if the distance had been nearer to Hudson than Troy. But it is shown to be five miles farther; and if the

distance was to control, we should be obliged to come to the same conclusion. For the compensation to be paid the witnesses depends, in part, upon the distance travelled; and the party would be subjected to an increased expense, by retaining the venue in Columbia.

But I regard the case cited as being placed upon the true ground, and it is, of course, decisive on this point.

It appears, then, that there is a very large number of witnesses residing in the county of Rensselaer, whose convenience will be best promoted by trying the cause there; and that all the facts to be enquired into occurred in that county. That is, therefore, emphatically the proper place for trial, unless the second point made on the part of the plaintiff is well taken, which is, that a fair trial can not be had there.

The plaintiff produces affidavits made by several persons residing in each town of the county of Rensselaer, stating in substance, that the matters in controversy have been the subject of general conversation and comment throughout the county; that feelings and prejudices exist, and that they believe the electors of the county have, generally and almost universally, formed and expressed an opinion on the merits, which they would not be likely to change. They also show that such matters have been the subject of newspaper discussion in said county, and that there has been and is much excitement on the subject; and they conclude, by stating that for these and other reasons, they believe that it is very doubtful whether a fair and impartial trial can be had in said county of Rensselaer.

It will be necessary to examine the decisions bearing upon this point, for the purpose of ascertaining whether the facts shown and opinions thus expressed, furnish a sufficient reason for refusing this motion.

Bowman vs. Ely, et. al. (2 *Wend. R.*, 250), was an action brought for the publication of a handbill, alleged to be libellous, issued immediately before an election, by the defendants, styling themselves the anti-masonic central committee. The defendants moved to change the venue from Oneida to Monroe, on

an affidavit showing twenty witnesses. The motion was opposed on the affidavit of several disinterested and highly respectable individuals, in which they stated that from their knowledge of the excitement then existing on the subject of masonry, they believed the plaintiff could not have a fair and impartial trial before a jury of Monroe county. But the court granted the motion, and said they would not, on any speculative opinion formed by individuals, however respectable, interfere with the ordinary course. and practice of the court in the administration of justice. MARCY, J., said, "pervading as may be the excitement referred to, the court repose confidence in the intelligence and integrity of the freeholders of Monroe. Should it unfortunately happen that the apprehension of the plaintiff is realized, he will not be remediless, as it will then be in sufficient time to interpose the strong arm of the law, to cause the course of justice to flow unpolluted by passion or prejudice."

The same rule was followed in Messenger vs. Holmes (12 *Wend. R.*, 203), where a motion was made to change the venue, on the ground of *excitement*, after two trials of the cause, in neither of which the jury were able to agree. The court held that the case came within the principle stated in Bowman vs. Ely, and granted the motion. SAVAGE, Ch. J., said, "when it is found by actual experiment, that a fair trial, or, as in this case, no trial can be had in the county where the venue is laid, the motion, on the ground relied on in this case will be granted: but otherwise not.

But it is claimed, on the part of the plaintiff, that the rule thus laid down in the cases above referred to has been changed by the case of The People vs. Webb (1 *Hill*, 179), where, without an attempt to try the cause, the venue was changed from Otsego to Montgomery, on motion of the district attorney, on the ground of excitement and improper influence in the former county. The rule was certainly so far relaxed, in the last cited case, as to hold that an *actual experiment*, by way of trying the cause, or attempting to empanel a jury, was not the only evidence the court would receive, as proof that a fair and impartial trial could not

The People agt. Wright.

be had, in the county where the venue was laid. But the motion was granted, principally upon the ground that it appeared that the defendant had improperly attempted to influence the jurors, drawn at a previous Court of Oyer and Terminer in Otsego county, by sending to them newspapers, containing articles tending to prejudice their minds against the prosecutor, in respect to the trial; and that he had also influenced and misled the public mind, by circulating libellous articles throughout the county, among those who were not subscribers for his paper.

In the latter case of The People vs. Bodine (7 *Hill*, 181), an application was made to change the venue from Richmond county to New York, which was refused, notwithstanding there had been one trial in Richmond in which the jury did not agree. Ch. J. NELSON there stated that he had examined the subject with a view to endeavor to settle some rule, by which cases of that kind might thereafter be governed. He held that it was not enough for persons to state their belief that a fair and impartial trial could not be had in the county, but that the facts and circumstances forming the grounds of such belief, must be stated, so that the court may judge for itself whether or not the allegation is well founded; and that the inability to obtain a fair and unprejudiced jury must be clearly established. To this extent, the rule is consistent with all the cases above examined, and also with other authorities, which I have not deemed it necessary particularly to refer to (Rex vs. Harris, 3 *Burr.* 1330; 1 *Black. Rep.* 378, *S. C.;* 1 *Chit. Cr. Law*, 200; *Roscoe Crim. Ev.* 236; The People vs. Vermilyea, 7 *Cowen*, 137).

In The People vs. Bodine, it was said that the rule there recognized was founded in good sense, and that its practical operation would prove an essential check upon the facility with which motions may be got up, from a too ready apprehension of undue prejudice.

In applying this rule to the case now before me, I am at a loss to see how it will exclude the cause from the county of Rensselaer. The inability to obtain a fair and unprejudiced jury must be

clearly established. Conceding that actual experiment is not the only admissible proof, yet I find no other satisfactory evidence here presented. There are no facts and circumstances shown which, in my judgment, warrant such a conclusion; and the extent to which the witnesses who make the affidavits go, on this point, is only to say that they believe it is very doubtful, whether a fair and impartial trial can be had in the county of Rensselaer. This is clearly insufficient within all the cases. Nor do I think the witnesses would have been warranted on the facts· stated by them in expressing their opinions more strongly. I have never found any great difficulty in obtaining fair and impartial juries, even in capital cases and other trials of great public interest in the same counties where the offences were committed and where there had been much newspaper discussion and great public excitement. And I have no doubt a jury entirely free from prejudice, and satisfactory to the parties, may be readily empannelled in this cause in the county of Rensselaer.

This case is entirely unlike that of The People vs. Webb, which is the only one cited, or that I have found, in which a change of venue was granted on the ground of excitement, without a previous attempt to empannel a jury. Here has been no undue or improper influence exerted on either side. Here it does not appear that one, more than the other of the parties, is likely to be benefitted or injured by any possible prejudice or bias. Both stand upon equal ground; and the high character of the contestants, and the nature of the controversy forbid the supposition that either of them would, if it was in his power, avail himself of any preconceived impressions existing in the community, or permit any considerations of personal advantage, to interfere with a fair and candid examination of the questions of fact to be tried.

I find nothing in this case to warrant a departure from the well settled practice of the court. The cause should be tried where the controversy arose, and where nearly all the witnesses reside.

Motion granted.