GEORGE W. GILSON, Appellant, *v.* SIDNEY POWERS, Appellee.

### APPEAL FROM KANE.

If several are sued, and there is no return to part, and service as to others, if those served appear, plead to the merits and go to trial, they waive irregularities in the summons and service.

An application for a change of venue should be made at the first term after appearance, whether the cause is at issue or not.

If the petition for a change of venue is deemed sufficient, and the issue is not made up, the cause should stand without an order for the change, until issue to the country is formed.

THIS cause was heard before MORRIS, Judge, without a jury, at May term, 1854. The case is stated in the opinion of the court.

T. L. DICKEY and A. HERRINGTON, for Appellant.

J. H. FERGUSON, for Appellee.

Gilson v. Powers.

SKINNER, J.   Powers sued Gilson and Hemmingway, in assumpsit, in the Kane circuit court.   The summons was returnable to the November term, 1853, and was returned served on Gilson, but no return was made as to Hemmingway.

At the February term, 1854, Gilson appeared, plead to the first count of plaintiff's declaration, and demurred to each of the other counts.   The plaintiff demurred to the pleas, and the court sustained the demurrer.   The court also sustained the defendant's demurrer to the counts of the plaintiff's declaration demurred to.

The plaintiff obtained leave to amend his declaration.   At the succeeding May term, Gilson filed several pleas to plaintiff's amended declaration, and issue to the country was formed by the pleadings.   Gilson then entered his motion for a change of venue, on petition verified by affidavit, setting forth that he feared he would not receive a fair trial in the Kane circuit court on account that the inhabitants of said Kane county were prejudiced against him, so that he could not have a fair trial in said court.   The court overruled the motion for change of venue, and Gilson excepted.

The parties then put themselves upon the court for trial, and judgment was rendered for the plaintiff.   Gilson appeals to this court, and assigns for error, that the court erred in rendering judgment against him without a return of "not found" as to Hemmingway, and that the court erred in overruling his motion for a change of venue.

The statute provides that, "if such summons or capias be served on any one or more, but not on all the defendants, the plaintiff or plaintiffs shall be at liberty to proceed to trial and judgment in the same manner as if all the defendants were in court, and such judgment shall be· good and valid against the defendant or defendants on whom the process has been served," etc.   Rev. Stat. 413, Sec. 6.   It does not provide that the summons shall first be returned "not found" as to those not served, before the plaintiff can proceed to trial against those as to whom the summons is returned served.

But it is not necessary to decide, under this statute, whether judgment by default can be rendered against a defendant on whom the summons is returned served, without a return of "not found" as to other parties sued with him.

In this case, Gilson appeared, interposed his ·defense, and went to trial without adjuration.   He thereby waived any irregularities in the summons, or in the return.   *Easton et al.* v. *Altum,* 1 Scam. 250; ibid. 266; ibid. 387;   *Vance et al.* v. *Funk et al.,* 2 Scam. 263; ibid. 462; 3 Scam. 48; ibid. 292.

If Gilson had made the application, the court below would have compelled the sheriff to have made return as to Hemmingway. Failing to do so, he cannot now complain.

We think the court did not err in refusing a change of venue. The statute provides that "changes of venue shall not be granted after the first term of the court at which the party applying might have been heard, unless the party so applying shall show that the causes for which the change of venue is asked, have arisen, or come to his, her or their knowledge, subsequent to the term at which the application might have been made," and then provides for ten days' notice of the intended application, where the causes for such change have not come to the knowledge of the party applying within ten days before the term at which the application is made. Rev. Stat. 528, Sec. 6.

The petition does not show when the causes alleged came to petitioner's knowledge, nor was notice of the intended application given. It is contended that until an issue to the country was made by the pleadings, Gilson could not know that the case would require a jury ; that only when such an issue was formed, could he properly apply, for the causes alleged in his petition, and that, therefore, the first term at which he could be heard, within the meaning of the statute, was the term at which such an issue was formed.

Such, we think, is not the true construction of the statute, and it would be productive of much annoyance and unnecessary expense, in practice, to parties litigant.

Under the practice in this State, the parties are compelled, if in their power, to be ready for trial at the first term, if summons is served and declaration filed ten days before the term to which the summons is returnable, and to stand ready until the pleadings are made up, and the cause comes on for trial.

Often for one or more terms the pleadings remain unsettled, and it would be a needless and oppressive expense to compel a party to have witnesses in attendance from term to term, when the cause is never to be tried in that court.

Such a construction, we believe, has not heretofore, and ought not now, to be given to the statute, if the one that has prevailed is consistent with its language and objects.

We think the application came too late, and should have been made at the first term at which Gilson was compelled to appear.

The proper practice in case the objection is to the people of the county, is, to enter the motion for change of venue, upon petition filed, and for the court to determine upon its sufficiency. If deemed sufficient, and the pleadings be not made up, the

cause should stand without an order changing the venue until issue to the country is formed.

Or, an order may be entered " that the venue be changed upon issue to the country being joined." The court can then compel the parties in a reasonable time, to make up the issues, and thereupon enter a final order. The parties can then know what they are to do, and dispense with further attendance of witnesses. *Gardner* v. *The People*, 3 Scam. 83.

*Judgment affirmed.*