THE PEOPLE OF THE STATE OF CALIFORNIA, Respondents, *v.* WILLIAM B. LEE, Appellant.

This Court having complete appellate power over the right to grant a change of venue, it is not to be supposed that it will trust implicitly in the discretion of inferior Courts.

Where one hundred citizens united in employing counsel to prosecute the defendant, *Held*, to be a sufficient ground for a change of venue.

APPEAL from the District Court of the First Judicial District, Los Angeles county.

The opinion of the Court contains the facts.

*Edwards & English*, for Appellant,
Cited no authorities.

*J. R. McConnell*, Attorney General, for the People.
The Court correctly refused a change of venue. Bowman *v*. Ely, 2
45

Wend., 250.   12 Ib., 203.   5 How., Pr. R., 25.   People v. Bodine, 7 Hill, 181.

MURRAY, C. J., delivered the opinion of the Court.   BRYAN, J., concurred.

On the trial of this cause in the Court below, which was an indictment for murder, the prisoner filed an application for a change of venue, based on his affidavit.

The power to grant a change of venue has heretofore been considered discretionary upon the part of the Court below, and we have always refused to supervise it except in extreme cases.   This rule, however, has been materially altered by the Act of May 15, 1854, "Amendatory of an Act to regulate proceedings in Courts of Justice," by the 33d section of which an appeal is given in this case.   So that having a complete appellate power over the subject, it is not to be supposed that we will trust implicitly in the discretion of inferior Courts.

In many of the States, by express statute, a change of venue will be awarded on the simple affidavit of the prisoner, that a fair and impartial trial cannot be had, or of bias, or prejudice upon the part of the Judge before whom the case is to be tried.   In the present case not only has this been done, but it is shown, that over one hundred citizens united in employing counsel to prosecute the defendant.

Without any opposing affidavits tending to show that a fair trial could be had, we think that a sufficient case was made to entitle the person to a change of venue.

In fact it would be difficult to imagine a stronger case, and if the defendant was not entitled to his motion in this instance, no case I apprehend could be found in which such refusal could be properly alleged as error.   Such a rule would take from the party a right which the law has guaranteed him, for his protection and vindication, and leave this power in the hands of Courts to be exercised as a matter of favoritism.

No man should be put upon his trial in a community thus excited. It would be a judicial murder to affirm a judgment thus rendered, when the reason of the people of a whole county was so clouded with passion and prejudice as to prevent mercy, and deny justice.

Judgment reversed and new trial ordered.