People v. Graham.

---

## PEOPLE v. GRAHAM.

THE affidavit of the accused, that he cannot have an impartial trial in the county where he is indicted, is not alone sufficient to authorize a change of the place of trial.

Nor does the fact that thirty or forty persons in the community, upon being solicited, have contributed small sums to defray the cost of employing a lawyer to assist the District Attorney in the prosecution of a criminal action show such a general prejudice in the citizens of the county as to require the granting of a change of venue.

*People* v. *Lee* (5 Cal. 353) commented upon, and its doctrine as to change of venue questioned.

On the trial, under an indictment charging an assault upon a young child, after the child had been examined as a witness by the prosecution, and had not been able, from her tender age, to state any material fact, it was proposed to ask another witness this question: "Did the child tell you how this occurred at the time?" and under the objection of defendant the Court permitted the question: *Held*, that this was error, and that if the witness answered the question affirmatively it was material error for which a new trial should be granted.

That a child, for an assault upon whom defendant is being tried, not having sufficient capacity to be a witness, was sworn and questioned but withdrawn before she had testified to any material fact, is no ground for granting a new trial. The suggestion that her appearance was calculated to excite the sympathy of the jury and influence their judgment, is not entitled to any consideration.

A question based upon the supposition of a state of facts not proved is improper.

An instruction embracing the proposition that what was said in his own behalf by the defendant, in a conversation proved between him and a witness, must be taken as true if what he said against himself is taken as true, is erroneous.

People v. Graham.

APPEAL from the Court of Sessions of Sonoma County.

The defendant was indicted in Sonoma County for an assault with intent to commit a rape upon a girl six years of age.  After pleading not guilty, he applied for a change of venue, and in his own affidavit stated that he could not have a fair and impartial trial in Sonoma County on account of the bias and prejudices of the citizens against him; that within a short time before the time fixed for trial some thirty or forty persons had subscribed each a small amount for procuring a lawyer to assist the District Attorney in the prosecution; that these persons were citizens of different parts of the county; that the subscription papers had been widely circulated, and that from the funds thus raised an attorney had been employed.  The affidavits of two other persons were also presented corroborating that of defendant as to the circulation and signing of the subscription papers.  The Court denied the application, and defendant excepted.  On the first trial of the case the jury disagreed.  On the second trial the child upon whom the assault was alleged to have been committed was called by the prosecution as a witness, and was objected to by defendant as not having sufficient capacity to testify, upon which she was questioned at considerable length by the Court with a view of ascertaining her competency, and her answers showed very little intelligence and scarcely any appreciation of the obligations of a witness.  The objection to her competency was overruled and defendant excepted.  In answer to questions by the prosecution, she then said that she knew defendant; had seen him at her house, and recollected the last time she saw him there, and knew what he did.  She was then asked what he did do there that day, but without answering this question she burst into a paroxism of crying and was withdrawn.

The mother of the child was also called as a witness for the prosecution, and having stated that she had been absent from her house a short time on the morning of the alleged assault, and that on returning she had found the girl crying, and had examined her clothes and person, the appearance of which she described, and saying, in substance, that the appearances were such as showed that the defendant had committed the offense charged, was asked

People v. Graham.

by the District Attorney this question: "Did the child tell you how this occurred at the time?" To this question defendant objected on the ground that it was hearsay, and also that the answer would, even if given by a simple affirmative response, necessarily indicate the *nature* of the declarations of the child. The Court overruled the objection, and defendant excepted. The original record as it stood at the time the first opinion was rendered by the Court, did not show that any answer was made to this question, but after the rendition of that opinion an amended transcript was filed, showing that the witness did answer to the question "Yes, sir," after which a rehearing was granted, and the second opinion delivered reversing the judgment. The other facts necessary to explain the points decided are sufficiently indicated in the opinion of the Court. The jury found the defendant guilty, and a motion for new trial having been made and denied, he was sentenced to twelve years' imprisonment. From the order denying a new trial, and from the judgment, defendant appeals.


*L. D. Lattimer*, for Appellant.


I.   The motion for a change of venue should have been granted. The case is precisely like that of *The People* v. *Lee*, (5 Cal. 353) except as to the number of citizens who united to employ counsel to prosecute the defendant. In this case the number shown is some thirty-five or forty; in the case of Lee, about one hundred.

II.   The following question asked the witness Elizabeth Jane Hickle by the prosecution, to wit: "Did the child tell you how this occurred at the time?" was improper, and the defendant's objection to it should have been sustained.

1.   The declarations of the injured party are never admissible as evidence unless she has testified in the case. (Wharton's Am. C. L. 3d ed. 306; 2 Russell on Crimes, 751; 1 Id. 6th Am. ed. 658; *People* v. *McGee*, 1 Denio, 21; *Johnson* v. *State*, 17 Ohio, 593; *Guttridge's case*, 9 C. & P. 471.)

2.   Even had the injured party in this case been examined as a witness, still this question was inadmissible under the rule excluding the particulars of the complaint made, etc. The witness had just

completed her narrative of the condition she found the child in, the appearance of her clothes, the injuries, marks, etc., found upon her, and then comes the question "Did the child tell you how this occurred ?" How what occurred ? Why, how everything occurred that she had just related in her testimony concerning the child.

III.   The Court erred in admitting the child to be sworn as a witness in the case.   The examination showed her wholly wanting in every requisite of competency.   (1 Philip's Ev. with Cowen & Hill and Edward's Notes, 11–14.)

It will not do to say that the defendant could not have been prejudiced by this error, because the witness was removed from the stand before she testified to the merits of the case.   Anything or any proceeding which was calculated to operate upon the sensibilities and sympathies of the jury, and influence their minds against the defendant, was prejudicial to him; and that the placing of this child on the stand before them as a witness was calculated to produce that effect, is a fact that every person possessing the ordinary feelings of human nature must admit, and that this, together with the scene that followed, did produce that effect in an eminent degree, is a fact equally apparent; and it would seem from the record that this effect was the only object sought by bringing the child into Court on this second trial.

IV.   The question put to the physician by the defendant was competent in any view of the then state of the case, and should have been allowed.   The evidence already given showed a certain injury to the person of the child, and was intended and calculated to impress upon the jury that it had been made in a particular way, totally inconsistent with defendant's innocence.   It was unjust not to allow him to show that the particular injury could not have been made in the way indicated, because if so other injuries which did not in fact exist would necessarily have been produced.   Further, the objection of the prosecution was general—no point or cause of objection stated—and should therefore have been overruled. (*Kiler* v. *Kimball*, 10 Cal. 268 ; *Martin* v. *Travers*, 12 Id. 243 ; *Dunning* v. *Rankin*, 19 Id. 643.)

V.   The instructions given by the Court were erroneous, and those asked by defendant were improperly refused.

*Attorney-General,* for Respondent.

NORTON, J. delivered the opinion of the Court—FIELD, C. J. and COPE, J. concurring.

The affidavit of the accused, that he cannot have an impartial trial in the county where he is indicted, is not alone sufficient to authorize a change of the place of trial. The fact that thirty or forty persons, upon being solicited, have contributed small sums to defray the cost of employing a lawyer to assist the prosecuting attorney, does not show the existence of such an excitement or prejudice in the whole county upon the subject as would preclude the possibility or probability of procuring an impartial jury without difficulty, or would in any manner interfere with the impartial administration of the laws. From the condensed statement of the facts embraced in the opinion of the Court in the case of *The People* v. *Lee,* (5 Cal. 353) we cannot say how strong a case was presented, but it was certainly a stronger case than the present. It appears to have been decided without an examination of the law as it is now settled, and we should not be justified in applying it as authority in any case falling short of it in any degree. (*Bowman* v. *Ely,* 2 Wend. 250; *The People* v. *Wright,* 5 How. Pr. 23; *People* v. *Bodine,* 7 Hill, 181.)

The decision of the Court that the witness might testify to the statements made by the child as to the occurrences, and with regard to which the child had not testified, was erroneous. (2 Russell on Crimes, 6th Am. ed. 751; *People* v. *McGee,* 1 Denio, 21; *Johnson* v. *State,* 17 Ohio, 593.) But it does not appear from the statement what the witness testified. The question was: " Did the child tell you how this occurred at the time ?" This was objected to. The statement then says: " The Court overruled the objection and permitted the question to be asked and answered. To which ruling of the Court the defendant then and there excepted." This is all that appears. If the witness did answer and stated that the child did not tell her anything, no injury could have resulted to the defendant. In order to make the objection available, it should appear that some testimony was given—that is, some evidence was improp-

18

erly admitted—from which at least injury might by possibility have resulted.

Whether the child was of sufficient capacity to be sworn as a witness is also immaterial, because she was withdrawn from the stand before she had testified to any fact in the case. That her appearance on the stand was calculated to excite the sympathies of the jury cannot authorize the inference that the jury were thereby influenced to disregard their oaths, or were deprived of the free exercise of their judgments. Her presence in the Court room would have a similar tendency, but unless we can trust to the intelligence and integrity of juries to withstand such influences, we must dispense with the use of juries as a part of the machinery for the administration of justice.

There was no error in ruling out the question put by the defendant to the physicians as to whether a certain injury could be produced in a particular way without producing certain other injuries. It is not clear that it was material. It was not necessary to the offense charged that such an injury should have been done in any way. It would have been pertinent on a charge of committing the crime itself, but not on a charge of an assault with an intent. Nor does it appear to be material to corroborate the statement of the defendant as to how that injury occurred, because his statement in that respect does not appear to have been questioned, and indeed is in consonance with the facts charged in the indictment, which, as we have said, are of the assault with intent, and not the fact of the crime intended. But the decisive objection to the question is, that it was based upon the supposition of a state of facts not proved. The inquiry was if this injury could have been effected in a particular way if a certain condition existed; but whether that condition existed in relation to this defendant was not proved, nor could it be assumed for the purpose of making the desired proof. If the Court decides correctly in rejecting the testimony, it is not important whether the best objection was made, or whether any objection was made. If the Court decides erroneously, for some reason not brought to its attention, such error, as a general rule, will not cause a reversal.

None of the objections taken to the instructions given by the

Court to the jury are well founded. It would be an unprofitable labor to detail the reasons why these instructions were correct in each case. It is sufficient to say that they presented the law correctly. The obscurity in the language, which is objected to one or two of them, is not of a character that could have misled the jury, or left them in doubt as to the law which was intended to be laid down. The use of the word "intent" is of this character. By a rigidly grammatical construction it might be applied to the offense charged, and thus be unmeaning; but used in reference to the peculiar offense charged in this case, the jury could not have reasonably understood it otherwise than as a charge that the intent must have existed to commit the offense, the intent to commit which was the essential ingredient of the crime charged, and not that there must have been an intent to have an intent. And so as to the charge in regard to a reasonable doubt. In using the expression that it is not a mere possible doubt, the obvious meaning is that the jury are not to require proof establishing a fact beyond the possibility of its being otherwise. Neither did the Court assume any fact in reference to opening the child's clothes. That fact was stated in the conversation of the defendant with one of the physicians. There was a difference in one word, but not changing the sense. It was not error to refuse to give the seventh instruction asked by the defendant. The rule had already been correctly given in the third instruction asked by the prosecution, and was given in the second instruction of the Court. If the seventh instruction asked by the defendant was identical in substance with the charge as twice given, no injury can have resulted from its not having been given a third time; but if it is supposed to embrace the proposition that what was said in his own behalf must be taken as true, if what he said against himself is taken as true, and it is possible that the jury might have received this impression, then it would have been erroneous.

We think the judgment should be affirmed.

On rehearing, after the filing of the amended transcript as shown in the statement of the case, NORTON, J. delivered the following opinion—FIELD, C. J. and COPE, J. concurring.

In deciding this case we stated that the ruling of the Court below, allowing evidence to be given of the statements made by the child who had not testified, was erroneous, but that this error was not of a character to require a new trial, because it did not appear that the witness answered whether the child did or did not tell her anything. It appears now, by an amendment of the record, that the witness answered in substance that the child did tell her how the matters occurred which the witness had just testified about. It is impossible not to see that the effect of this answer, taken in connection with the immediately preceding testimony of the witness, was the same as if the witness had detailed what the child said. This not only may have had, but in all probability did have an influence upon the jury injurious to the defendant. For this error the judgment must be reversed.

In our former decision we stated that it was not clear that a certain fact offered to be proved by the physicians was material. Considering the testimony which had been given on behalf of the prosecution we were not prepared to decide that this fact was immaterial if the proper preliminary facts were proved or admitted, and as this case is going back for a new trial we deem it proper to say that this remark should not be allowed by the Court below a bearing beyond its language. In criminal cases especially care should be taken not to exclude testimony in behalf of the accused upon doubtful grounds.

Judgment reversed and cause remanded for a new trial.