## WILLIAM F. SOMMERCAMP, RESPONDENT, *v.* JOHN CATLOW, APPELLANT.

PLACE OF TRIAL—CHANGING VENUE.—After two jury trials without a verdict, a motion to change the place of trial should not be granted, unless it be clearly established that a fair and impartial trial could not be had in the county of defendant's residence.

COSTS ON APPEAL.—Where a party unnecessarily multiplies costs excessively, the court will protect the adverse party from payment of such excess.

APPEAL from the second judicial district, Owyhee county.

*Brumback & Cahalan,* for the appellant.

*R. Z. Johnson and Huston & Gray,* for the respondent.

CLARK, J. In this action, two trials by jury were had at the October term, 1877, of the district court of the second judicial district for Owyhee county, without finding a verdict.

The plaintiff then moved for a change of the place of trial. On the hearing of said motion, the judge ordered that the place of trial be changed to Ada county in the same judicial district. The defendant appeals from the said order to this court.

The plaintiff's motion in the court below was based upon his own affidavit, showing substantially the following facts: 1. That the plaintiff had fully and fairly stated the facts of his case to his counsel, R. Z. Johnson, Esq., and is advised by him that it is meritorious.   2. That he believes he can not have a fair and impartial trial in Owyhee county, by reason of the interest, prejudice, and bias of the people of the said county.   3. That there have been two trials of this cause, and in both the jury failed to agree upon a verdict. 4. That there is much public excitement in regard to this action in Owyhee county, and that very many of the citizens of said county have talked about the merits of the action and expressed decided opinions thereon.

In opposition to the motion, the defendant filed and used on the hearing one hundred and one affidavits, the first of which in importance was his own affidavit, showing, substantially, the following facts:

1. That plaintiff and defendant are residents of Owyhee county, and that the cause of action set forth in the complaint and answer arose in said county.

2. That he had fully and fairly stated the facts of his defense to his counsel, and is advised by him that he has a meritorious defense.

3. That on the first trial of this cause about forty persons were summoned for the purposes of a jury, and that out of the number called upon to answer to their qualifications to sit as jurors on the trial of this action, only two or three were found disqualified on the ground of opinion, enmity, or bias.

4. That, on information and belief, defendant says, that when the jury returned into court the last time, before their discharge, they stood ten for the plaintiff and two for defendant.

5. That for the second trial about twenty-four were sum-

moned, and that, although the action had attracted some attention in the interval, another jury was readily obtained, only two or three of those examined being found disqualified on the score of opinion, enmity, or bias.

6. That at the time the last-mentioned jury was discharged, they stood, as defendant is informed and believes, eleven for the plaintiff and one for the defendant.

7. That, although the trial attracted some attention in Silver city and vicinity, it is not true that there is much public excitement in said county concerning said action, or that, by reason of said alleged public excitement in said county, or from any other cause, the parties to said action can not have a fair and impartial trial of the action in Owyhee county.

8. That there are about three hundred and fifty persons residing at and near said Silver city, who possess the requisite qualifications to render a person competent as a juror, and that the greater portion of them, if not nearly all of them, are entirely free from any enmity, bias, or prejudice to or against either party, and could sit as jurors on the trial of said action, and fairly and impartially pass upon the issues of fact involved therein.

9. That the difficulty of reaching an agreement, on the part of the jurors, arises not from partiality, or enmity, or bias, but from the fact that on said trials the only witnesses to the facts connected with the counter-claim of the defendant, were the parties to the action; that the evidence of said parties is irreconcilably opposed.

10. The defendant's affidavit sets forth other grounds showing that he would suffer damage in case the motion was granted.

11. The remaining one hundred affidavits on behalf of the defendant are by different citizens of Owyhee county, showing that each of them is legally competent to sit as a juror on the trial of this action.

This case comes within that class of actions which must be tried in the county where the defendant resides. (Secs. 18, 19, and 20, revised laws.) The place of trial may be

changed by the court, on motion, for any of the causes mentioned in sec. 21, revised laws.

The motion herein is made under the provisions of the second subdivision of said section 21, to wit: on the ground that an impartial trial can not be had in the county where the action was brought, by reason of the interest, prejudice, and bias of the people of said county, and the further ground of public excitement on the subject of this action. The plaintiff's affidavit for the motion fully covers the above grounds, and, for greater or other reasons why the motion should be granted, alleges that two jury trials were had, and the jurors discharged without a verdict.

The plaintiff's affidavit was the only one in support of the motion, and is opposed by the defendant's affidavit, fully and completely denying all the allegations in plaintiff's affidavit, except the two trials, and showing that the reason why the juries were unable to agree upon a verdict arose from the fact that the only witnesses to the counter-claim of the defendant were the parties to the action, and that their testimony is irreconcilably opposed. The affidavit of the defendant is in a degree supported by the affidavits of one hundred citizens of Owyhee county, showing that they are qualified to sit as jurors on the trial of the cause. The inability to obtain a fair and impartial trial must be clearly established. (*People* v. *Wright,* 5 How. Pr. 23.) In the *People* v. *Bodine,* 7 Hill, 181, the court held "that it was not enough for jurors to state their belief that a fair and impartial trial could not be had in the county, but that the facts and circumstances forming the grounds of such belief must be stated so that the court may judge for itself whether or not the allegation is well founded."

From a careful consideration of the testimony presented on the hearing of the motion, we are of opinion that the preponderance of testimony is in favor of the defendant and against the motion; the simple fact that there have been two jury trials without a verdict is not sufficient to warrant a change of the place of trial, when we consider the ease with which the former juries were obtained, and the fact that one hundred citizens have sworn to facts which render

them legally competent to sit as jurors on the trial of this action. We are bound to consider also other facts peculiar to this case: that the parties to the action are the only witnesses to defendant's counter-claim, and that their testimony is irreconcilably opposed, and that this may be the cause why the juries have failed to find a verdict. If it be the true solution of the difficulty in agreeing upon a verdict in this cause, the same reason will prevail in whatever county the action may be tried. The irreconcilability of the testimony, and the fact that the only witnesses to the defendant's counter-claim being the parties to the action, we deem of sufficient cause to take this case out of the operation of the general rule governing like motions. The difficulty of reaching a verdict is apparent without jurors becoming obnoxious to the charge of partiality, enmity, or bias to or against either of the parties.

We are of opinion that the court erred in granting the motion.

The appellant has filed and used one hundred affidavits on this motion, showing facts which might have been fully established by the testimony of two or three persons who had first made themselves acquainted with the substantial facts set forth in each of the one hundred affidavits mentioned.

We are, therefore, of opinion that the appellant has multiplied costs to an excessive and unwarrantable degree, and that he ought to pay such excessive costs, to wit, the cost of ninety-five affidavits and the transcripts thereof.

It is adjudged that the order of the court below, changing the place of trial, be reversed and the cause remanded to Owyhee county for trial, and that the appellant recover the costs of this appeal, except the costs of ninety-five of appellant's affidavits and the transcripts thereof.

Prickett, J., concurred.

Hollister, C. J. While I am not prepared to dissent from the judgment reversing the order granting a change of venue in this case, I deem it important to state that such a motion is addressed to the sound judicial discretion of

the court, and that it is only in cases where such discretion has been abused that its action will be disturbed. It is often difficult to determine in what cases and to what extent this discretion has not been properly exercised, and hence it becomes important to lay down some general rule so that it may appear that the appellate court does not act arbitrarily or capriciously in overruling the action of the court below. I will content myself in this case with stating that I consider the principle well settled, that a party who seeks to question the action of a court in a matter that is addressed to its discretion, must show, by a statement of facts, that such action will be productive of injury to him, and be of no benefit to the opposite party.

The defendant states in his counter-affidavit that his business calls him to various portions of Owyhee county, and to the states of Nevada and California, and that he can not absent himself from either of said places for any considerable length of time without great inconvenience and serious moneyed loss. That he has already been greatly inconvenienced in his business by his attendance on the two trials of said action just had, and can not go into the immediate preparation for another trial and proceed to Ada county for trial at the next term of said court without great personal annoyance and seriously interrupting the course of his business, to his great damage. It is difficult to see from these statements, which at best are mere opinions, how a trial in Ada county would more seriously annoy him or injure his business than would another trial in Owyhee county. He would be obliged to absent himself from his regular business, and from Nevada and California, as much in a trial in Owyhee as in Ada county.

And from the fact, taking his statement as true, that the only witnnsses to the facts connected with his counter-claim were the parties to the action, it is equally difficult to see why he could not go into the immediate preparation for another trial and proceed to Ada county without great personal annoyance and serious interruption to his business. By this showing he needed no witnesses, and the business season was brought to a close, or nearly so, and the next

term of the Owyhee court would be at a season when business men, and especially those having business in distant states, would be more seriously incommoded by forced absence than in November, when the Ada county court convened.

These reasons, and the other, which courts always take notice of in applications of this kind, that parties acting on the defense usually work for delay, were considerations which addressed themselves to my mind in granting the change of venue.

In giving my views, I wish to lay down this proposition as a rule in cases of this kind, to wit, that as a principle of law it can not be held that a court has abused its discretion, unless it is made to appear by an explicit statement of facts that its exercise has clearly worked an injury to the party who complains of its action.