BOYLE et al. *v.* THE PEOPLE.

1. Application for change of venue, or notice thereof, must be made at the earliest possible moment after the cause for the change becomes known to the party seeking such change.

2. An application for a continuance must show that due diligence has been exercised in preparing for trial, and when a continuance was asked on the day set for trial, the day having been fixed by consent, on the ground of the absence of witnesses, and it appearing that subpœnas for such witnesses had not been issued until the day fixed for the trial; *held*, that a denial of the application was not error.

3. Members of an association combined to check a certain crime are not *per se* incompetent as jurors in a trial of such crime. In such cases there is a discretion vested in the judge which under the facts of each case should always be exercised so as to insure the accused a trial by impartial jurors.

*Error to District Court of Elbert County.*

THE facts are stated in the opinion.

Messrs. HAYNES & BARNUM, for plaintiffs in error.

A. J. SAMPSON, attorney-general, for defendant in error.

STONE, J. The chief errors assigned are : *First.* The court refused the application for change of venue. *Second.* The court refused to grant a continuance ; and *Third.* The court overruled the challenge for cause to certain of the petit jurors at the trial.

The indictment against the defendants in the court below for the larceny of cattle was presented by the grand jury on the 8th day of March. On the 10th a continuance was asked by defendants, and the motion therefor coming on to be heard by " consent of all parties," the cause was set down for trial on the 23d of March, and the court thereupon adjourned to that date. On the 14th of March the defendants presented to the judge at chambers an application for change of venue upon the ground of prejudice of the inhabitants of the county of Elbert against said defendants. This application, upon hearing, the judge denied. Upon the meeting of the court on the 23d inst., the motion for change of venue was renewed upon the same petition and affidavits that had been presented to the judge at chambers, and upon motion of the district attorney, the petition and affidavits were stricken from the files. Error is assigned for denial of the petition both at chambers and in court.

We think there was no error in either case. The application to the judge at chambers was not made in apt season. The petition and affidavits were sworn to the day before their presentation on the 14th, and so far as the record shows, without notice to the district attorney of the intended application. Such notice, unless expressly waived, is essential. *Marble* v. *Bonhotel*, 35 Ill. 249.

VOL. IV—23

Upon the hearing it was expressly admitted by the defendants and their attorneys, that the facts set forth in their petition for a change of venue were as well known to said defendants and their attorneys on the 10th of March when they consented that the case should be set down for trial on the 23d, as at the time of making and presenting said petition.

This is a plain admission of neglect to make the application in seasonable time. The statute contemplates that applications for change of venue, or notice therefor, must be made at the earliest possible moment after the cause for the change becomes known to the party seeking such change. The reasons for this are well known, and the application can be made to the judge at chambers, or to the court in term regardless of the state of the pleadings. *Gilson* v. *Powers*, 16 Ill. 355 ; *Moss* v. *Johnson*, 22 id. 639 ; *Bryson* v. *Crawford*, 68 id. 366.

The renewal of the application on the 23d, the day set for trial, was properly denied. This second application was based on no new facts. It was in fact the same petition, supported by the same affidavits which had been a few days previously denied by the judge at chambers, and the former application not having been made in apt time, the latter certainly was not.

The motion for continuance made on the 23d was properly denied. The case had been continued from the 10th to the 23d, and by consent of defendants set for trial on the latter day. The subpœnas were not issued for the witnesses whose absence was made the ground of the last application, until the very day the application was made, and that was the day upon which the defendants had consented to go to trial, and it was evident from the statement set out in the affidavit for the continuance that the defendants must have known all the facts averred in the affidavits as well on the 10th when they consented to go to trial on the 23d, as on the latter day when the motion for continuance was made.

These facts show a clear want of the diligence required to entitle a party to a continuance on such grounds as this motion was based upon.

The challenges to the four jurors, for the overruling of which error is assigned, were for the reason that said jurors were "members of the Cattle Association." The examination of several jurors upon the *voir dire* disclosed the fact that many of the citizens of the county engaged in the business of raising cattle belonged to an association having for its general objects the promotion of the interests of stock growing, and in furtherance of such interests, under the constitution or written compact of the association, it became the duty of any member " knowing of a person stealing cattle from a member of the association, or from any one else, to report it," after which it became the duty of the executive committee to prosecute such cases. It also appeared that the executive committee had employed an attorney to assist the district attorney in the prosecution of this case, and had paid the expenses necessary in procuring the attendance of two witnesses from the adjoining State of Kansas. It was further testified that the organization was not a secret one, and that the prosecution of cattle thieves was only done through the legally constituted mode of trial in the courts, and with no attempt to procure the conviction of any except guilty parties.

One juror who stated that he was an officer of the association was set aside by the court. Of the four jurors challenged, which challenge was overruled, three were members of the association. These all stated in answer to a question by the court, that they had each done nothing, nor had been called upon to do any thing, by virtue of being members of the association, toward the prosecution of the defendants.

Nothing was elicited to show that these jurors had agreed to contribute any thing toward the expense of the prosecution, nor that they were liable or bound in any way to such contribution, or were affected by any pecuniary interest

whatever in the case, present or future. In all other respects they had shown themselves by their answers to be impartial jurors, and indifferent as they stood sworn.

The question then to be determined under this assignment of error is, were these jurors disqualified (they having been challenged for principal cause) from the mere fact of their belonging to such association ?

The cases we find most nearly in point are the case of *The State* v. *Wilson*, 8 Iowa, 407, and the Massachusetts case cited by the attorney-general.

In the Iowa case the juror was asked if he was "a member of an association or organized company for the prosecution of persons generally, arrested for horse stealing." This question was objected to, and the objection being sustained, the supreme court held it no error, on the ground that such fact, if shown, would not have disqualified the juror. The lower court ruled that the question might be asked in the following form : "Whether he was a member of any organization existing in the county or elsewhere, engaged in prosecuting the present cause."

It does not appear from the report of the case whether this latter question was answered or not, but the supreme court held that no prejudice resulted to the defendant from the change made in the form of the question by the court below. This case is cited in Hilliard on New Trials, § 66, and in Proffat on Jury Trials, § 169, in support of the doctrine that members of an association, combined to check a certain crime, are not therefore incompetent as jurors in a trial for such crime, "because that is an interest that ought to be common to every citizen."

In the case of *The Commonwealth* v. *Livermore*, 4 Gray, 18, the court says : "The defendant excepted to the competency of a juror because he was a member of an association called the Carson League. But as the court has no knowledge of the assumed obligations of the members of that association, besides what the juror stated to be his understanding of them, we are not prepared to decide that in

this instance a new trial should be granted because the juror was not set aside. We deem it to be our duty, however, to say that in our judgment, the members of any association of men, combined for the purpose of enforcing or withstanding the execution of a particular law, and binding themselves to contribute money for such purpose, cannot be held to be indifferent, and therefore ought not to be permitted to sit as jurors in the trial of a cause in which the question is, whether the defendant shall be found guilty of violating that law."

The same question afterward arose in the case of *The Commonwealth* v. *O'Neil*, 6 Gray, 343, in which the court, in overruling the exceptions, say : "We are of opinion that sufficient does not appear on these exceptions to warrant us in deciding that the three jurors who were objected to were legally incompetent to sit on the trial of the defendant. It does not appear that either of them was under any obligations, legal or honorary, to contribute any thing for the prosecution of this case. For aught that is shown, each of them may have paid before this prosecution commenced, the full sum he had subscribed as a member of the Carson League. It therefore does not appear that either of them had any, even the smallest pecuniary interest in the event of the prosecution ; and the court, without evidence, cannot presume that they had. * * * * As the exceptions are framed, we cannot find in them enough to show that the judge at the trial was legally bound to set these jurors aside, although it might have been well if, in his discretion, he had done so."

To the same effect is *The Commonwealth* v. *Thresher*, 11 Gray, 57, and *The People* v. *Graham*, 21 Cal. 262, essentially modifying the decision in the case of *The People* v. *Lee*, 5 Cal. 353, cited by counsel for defendants.

Applying the doctrine of these decisions to the facts in the case before us, we are of opinion that these jurors were not disqualified. We think that in all such cases there is vested in the judge trying the case a discretion which,

under the facts in each case, should always be exercised so as to insure that fairness in criminal trials to which the defendant is justly entitled — a trial by impartial jurors, and as intimated by the court in the case of *The Common-wealth* v. *O'Neil*, *supra*, it would be well if in the exercise of a sound discretion, jurors belonging to such associations should be excused in all cases where an intelligent and impartial jury can be impaneled in the community without the pale of such organizations.

But the bare fact that one is a member of an organization which is under no obligation or duty to unduly prosecute criminals, or persons charged with a particular crime, is not *per se* a legal disqualification affecting his competency to sit as a juror in the trial of such a case.

From all that is presented in the record before us, the jurors objected to were under no obligation, legally or honorary, to do more in the prosecution of this case than the law of the land imposes upon every good citizen in his duty to the State, and in the protection of his own and his neighbor's rights.

*Judgment affirmed.*