(119 App. Div. 503)

### JACOB v. TOWN OF OYSTER BAY et al.

(Supreme Court, Appellate Division, Second Department. May 10, 1907.)

VENUE—CHANGE OF PLACE OF TRIAL.

Under Code Civ. Proc. § 987, subd. 2, providing that the place of trial may be changed "where there is reason to believe that an impartial trial cannot be had in the proper county," it need not be conclusively shown, to authorize the change, that an impartial trial cannot be had in the proper county; but the change should be granted where it appears that practically a whole town is arrayed against one man on the question of ownership of valuable land by such person or the community, that the struggle

for possession has been bitter and protracted, the affair notorious, and the controversy a subject of public meeting, of general discussion, and of comment and agitation in the newspapers.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 48, Venue, § 73.]

Appeal from Special Term.

Action by Leonard Jacob against the town of Oyster Bay and others. From an order denying a motion to change the place of trial, defendants appeal. Reversed, and motion granted.

Argued before HIRSCHBERG, P. J., and WOODWARD, JENKS, HOOKER, and MILLER, JJ.

Charles F. Brown (Origen S. Seymour, on the brief), for appellants. Halstead Scudder, for respondent.

JENKS, J. The learned justice presiding at the Special Term, in the opinion handed down upon the denial of this motion, thought that the motion could be granted only when it is conclusively shown that an impartial trial could not be had in the proper county; whereas, the statute is that the place of trial may be changed "where there is reason to believe that an impartial trial cannot be had in the proper county." Code Civ. Proc. § 987, subd. 2. Hence the decision may have been made upon a mistaken view of the law, prejudicial to the plaintiff.

The learned justice also wrote that a trial should be attempted in the proper county, plainly in order to show whether the conditions there were adverse to an impartial trial, inasmuch as he wrote that if there was a disagreement of the jury this application might be renewed. We do not take this view, for a jury drawn in that county might be so partial as to be unanimous against the plaintiff, and yet its verdict be unwarranted. In People v. Webb, 1 Hill, 179, the court, speaking of such proof, say:

"To make such an experiment essential would seem to be quite dangerous. It is the very thing which the law seeks to avoid, when it is seen that the party may, and probably will, be drawn into a trial by a jury who, under an influence of which they may themselves be hardly conscious, an influence which perhaps no human sagacity can detect, may pronounce a verdict against him, and conclude his rights forever."

This expression is cited in part with approval by the court in People v. McLaughlin, 150 N. Y. 365, 380, 44 N. E. 1017. We are of opinion that a proper case is presented for a change of the place of trial. Practically a town is arrayed against one man in a contention whether the individual or the community owns a piece of valuable land. The struggle for the possession has been bitter and protracted. There have been various litigations. There has been physical violence. The affair is notorious, and the controversy has been a subject of public meeting, of more or less general discussion, and of comment and of agitation, both in the local press and in newspapers of a wide circulation, which includes the county. It seems to us that to grant this motion is to remove the trial to an atmosphere clear from possible contamination, and to afford presumably an equality between plaintiff and the defendants before a jury indifferent as to the personnel of the parties or the result of the verdict. Our conclusion in

no way reflects upon the general character of the possible jurors of the county of venue, but we cannot shut our eyes to the fact that upon a matter of such public interest and widespread agitation, involving the direct ownership of valuable realty by an important community in the county, any jurors might have strong feelings or prejudices which unconsciously would sway their verdict.

For these reasons we think that the order must be reversed, with $10 costs and disbursements, and the motion granted to change the place of trial to the county of Kings, with $10 costs. All concur.