### NOONAN v. LUTHER.

(Supreme Court, Appellate Division, Third Department. May 24, 1907.)

ASSAULT AND BATTERY—EXEMPLARY DAMAGES—INSTRUCTIONS.

> Where plaintiff had a difficulty with defendant, her employer, over wages, and on refusing, at his command, to leave defendant's hotel, was ejected by him, an instruction authorizing exemplary damages, if defendant was guilty of "culpable negligence" in ejecting plaintiff, was erroneous; culpable negligence not implying any malice or recklessness on defendant's part.

Appeal from Trial Term, Saratoga County.

Action by Jennie E. Noonan against Thomas C. Luther. Judgment for plaintiff, and defendant appeals. Reversed.

The action is brought for assault claimed to have been committed upon the plaintiff by the defendant on the 13th day of August, 1906. The defendant was keeping a summer hotel on Saratoga Lake. The plaintiff, through an employment agency at Albany, went there and hired out as a chambermaid. She became dissatisfied with the place, and before a week was up gave notice that she desired to leave. There was some dispute between the plaintiff and defendant as to the amount of money that was owing the plaintiff. A discussion followed, and the plaintiff was removed from the hotel by the defendant by force. For this assault the action is brought, and the jury have assessed the plaintiff's damages at $500. From the judgment entered upon the verdict of the jury, and from an order denying a motion for a new trial, defendant here appeals.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Rockwood & Salisbury, for appellant.
John L. Henning, for respondent.

PER CURIAM. Whether the defendant had a right in any event to remove the plaintiff from his premises by force, and whether, if that right existed, he used more force than was necessary for that

purpose, were the two questions submitted by the learned trial judge to the jury. Defendant's contention was that a difference arose between him and the plaintiff as to the amount of money that was owing to her; that the plaintiff began in an excited way to say, "I want my money! I want my money!" and to cause disturbance before his guests; that he warned her to desist and leave the premises, which she refused to do; and that he thereupon ejected her, using only so much force as was necessary. The plaintiff's claim, on the other hand, is that, upon her insisting that she was entitled to more money than he was willing to admit, he forcibly and without warning took hold of her and ejected her from the premises. The learned trial judge, in charging the jury, submitted to them the question of compensatory damages, and then added:

"If you come to the conclusion that the assault was wanton, malicious, and attended with insult, or was oppressive to her, or there were circumstances that aggravated the assault, or if he was guilty of culpable negligence in it, then you may apply to him a further element of damage—smart money, as it is called—such as in your judgment you think a man ought to pay for doing such a wrong."

In volume 2 of Words and Phrases Judicially Defined, at page 1780, it is said:

"Culpable negligence is the omission to do something which a reasonable. prudent, and honest man would do, or the doing of something which such a man would not do, under the circumstances surrounding the particular case."

Other definitions are there given; but we find no definition of culpable negligence which implies any malice or recklessness, or anything further than a failure to exercise the care which a reasonable prudence would suggest. In volume 6 of Thompson's Commentaries on the Law of Negligence, at section 7167, it is said:

"Willful and wanton conduct, justifying the award of exemplary damages, may occur where the conduct is so gross as to raise the presumption of a conscious indifference to consequences, or a wanton disregard of the rights of others. * * * It is only where this reckless disregard of the rights of others and conscious indifference to consequences are shown that it properly can be said that exemplary damages are recoverable."

Under these authorities the jury was improperly allowed to award exemplary damages for a merely negligent exercise of a right to eject the plaintiff from the hotel after she had refused to go upon the defendant's command.

The judgment and order should be reversed, and new trial granted, with costs to appellant to abide event.