## NOONAN v. LUTHER.

(Supreme Court, Appellate Division, Third Department. November 11, 1908.)

1. VENUE (§ 42*)—CHANGE OF PLACE OF TRIAL—DISCRETION OF LOWER COURT.
   An order for a change of venue rests largely in the discretion of the Special Term.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. § 64; Dec. Dig. § 42.*]

2. VENUE (§ 58*)—CHANGE OF PLACE OF TRIAL—MOTION PAPERS—STATEMENT OF GROUNDS.
   While the granting of a change of venue is largely in the discretion of the court, the facts and circumstances justifying the change must be stated in the moving papers before the court may exercise its discretion.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 88, 89; Dec. Dig. § 58.*]

3. VENUE (§ 45*)—CHANGE—GROUNDS—PROMINENCE OF DEFENDANT.
   Defendant had an extensive acquaintance and was prominent in business and politically, and his counsel were also prominent professionally and politically, in the county. Plaintiff had recovered one judgment, and the jury had disagreed on a second trial. *Held*, that the prominence of defendant and his counsel did not justify an order for change of the place of trial.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. § 74; Dec. Dig. § 45.*]

4. VENUE (§ 45*)—CHANGE—GROUNDS—NECESSITY OF STATING GROUNDS.
   A party's belief in his inability to secure an impartial trial is insufficient to justify a change of venue, in the absence of facts showing his belief to be well grounded.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. § 67; Dec. Dig. § 45.*]

5. VENUE (§ 45*)—CHANGE—GROUNDS—PUBLICITY—SUIT.
   That an action had attracted wide attention, and the proceedings at trial and on appeal had been widely published in the county, would not justify a change of place of trial, where it did not appear that any unfair report had been made, or that the published statements were prejudicial to plaintiff, or that defendant had attempted to improperly influence public sentiment in his own behalf.
   [Ed. Note.—For other cases, see Venue, Cent. Dig. § 67; Dec. Dig. § 45.*]

6. JURY (§ 100*)—COMPETENCY—FORMATION OF OPINION FROM NEWSPAPER REPORTS.
   That some persons had formed an opinion of the case from newspaper reports of former trials would not alone disqualify them as jurors.
   [Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 449, 451; Dec. Dig. § 100.*]

Appeal from Special Term, Saratoga County.

Action by Jennie E. Noonan against Thomas C. Luther. From an order granting a motion to change the place of trial, defendant appeals. Order reversed, and motion denied.

Argued before SMITH, P. J., and CHESTER, KELLOGG, COCHRANE, and SEWELL, JJ.

Rockwood & Scott (Nash Rockwood, of counsel), for appellant.
Walter H. Cogan, for respondent.

COCHRANE, J. The order appealed from changes the place of trial of this action from the county of Saratoga to the county of

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Schenectady on the ground that an impartial trial cannot be had in the former county. An order like the one in question rests largely in the discretion of the Special Term, but facts and circumstances must appear in the motion papers before such discretion can properly be exercised. The belief of a party in his inability to procure an impartial trial is insufficient, in the absence of facts and circumstances showing such belief to be well founded. The People v. Sammis, 3 Hun, 560; The People v. Wright, 5 How. Prac. 23, 27.

The record herein discloses no facts sufficient to invoke the exercise of any discretion on the part of the Special Term. It shows an extensive acquaintance by the defendant, and business and political prominence and activity on his part, and also professional and political prominence of his attorneys. These facts are insufficient to justify the order. Lent v. Ryder, 47 App. Div. 415, 62 N. Y. Supp. 400; Weiant v. Rockland Lake Trap Rock Company, 74 App. Div. 24, 76 N. Y. Supp. 699. Juries are not likely to be influenced by such unworthy considerations. It sometimes is the case that wide acquaintance and prominence is a disadvantage to the person possessing the same. In this case plaintiff has already procured one judgment against the defendant, which was reversed on appeal. It is quite clear that neither defendant nor his counsel exercised any hypnotic or sinister influence over the jury which rendered that verdict. It appears that there has since been another trial, in which difficulty was experienced in getting a jury, and the jury thus procured disagreed. Neither circumstance is uncommon in the administration of law.

The learned justice at Special Term based his order largely on the fact that the action has attracted wide attention and has been largely discussed, and that its history at Trial Terms and on appeal had been given wide publication by the newspapers of the county. There is nothing, however, to indicate that any unfair or inaccurate statement has ever been published, or that the newspaper statements have been prejudicial to plaintiff. Non constat they have worked to the prejudice of defendant. Nor is there any pretense that defendant or any one in his behalf has attempted to manufacture public sentiment or to publish or promulgate colored or inaccurate information. See People v. Sarvis, 69 App. Div. 604, 74 N. Y. Supp. 1067. Even though some people may have formed an opinion, that fact alone does not disqualify them from acting as jurors. Plaintiff failed entirely to make out a prima facie case for the order in question.

The order must be reversed, with $10 costs and disbursements and the motion denied, with $10 costs. All concur.