(88 Misc. Rep. 244)

## HANSON v. HANSON et al.

(Supreme Court, Special Term, Albany County. December, 1914.)

1. VENUE (§ 68*)—CHANGE OF VENUE—GROUNDS—RESIDENCE—AFFIDAVITS.

Where plaintiff, in an action to annul her son's marriage to defendant on the ground of the son's lunacy, states in her affidavit in opposition to defendant's motion to change the place of trial that for many years she has been a resident of the county designated as the place of trial in the summons, and states all the facts relating to her residence therein, and why at times she had found abiding places elsewhere, and the moving affidavits do not overcome in any degree her claim of residence, that ground of the motion will be overruled.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 121; Dec. Dig. § 68.*]

2. DOMICILE (§ 2*)—"RESIDENCE."

What constitutes a person's residence is largely a matter of intention. The word "residence" is really synonymous with the word "domicile," and means home. It means that place to which one, wherever he may be, intends to return.

[Ed. Note.—For other cases, see Domicile, Cent. Dig. § 2; Dec. Dig. § 2.*

For other definitions, see Words and Phrases, First and Second Series, Residence; Domicile.]

3. VENUE (§ 50*)—CHANGE OF VENUE—GROUNDS—PRIOR PROCEEDINGS—CONCLUSIVENESS.

In an action to annul the marriage of plaintiff's son to defendant, for lunacy, a ground of defendant's motion for a change of venue, that she could not obtain an impartial trial in the county because of improper steps taken in the prior lunacy proceedings, could not be considered; the determination in such proceedings being conclusive as against any collateral attack or investigation.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 73; Dec. Dig. § 50.*]

4. VENUE (§ 50*)—CHANGE OF VENUE—GROUNDS.

In an action to annul the marriage of plaintiff's son to defendant on the ground of the son's lunacy, the fact that the witnesses, who by reason of their association with the son were competent to testify as to his mental state, and the attorneys for plaintiff, were persons of prominence and influence in the county, did not require a change of venue, where it did

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

not appear that they were of such prominence or influence as to make it impossible to obtain a fair trial.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 73; Dec. Dig. § 50.*]

5. VENUE (§ 52*)—CHANGE OF VENUE—GROUNDS—CONVENIENCE OF WITNESS.
Where an action brought where plaintiff resides is one which under Code Civ. Proc. § 984, must be tried in the county in which one of the parties resides, a motion for a change of place of trial for the convenience of witnesses will be denied, unless the ends of justice otherwise require.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 76, 77; Dec. Dig. § 52.*]

Action by Aimee L. Hanson against Henrietta Reutti Hanson and others, as committee of the person and property of Walter Lathrop Hanson, an incompetent person. On motion by Henrietta Reutti Hanson for an order changing the place of trial from the county of Saratoga to either the county of New York or the county of Suffolk. Motion denied.

Graham & Stevenson, of New York City (William H. Woolley, of New York City, of counsel), for the motion.
Rockwood & McKelvey, of Saratoga Springs, opposed.

RUDD, J. The action is brought by the mother of Walter Lathrop Hanson to annul his marriage to the defendant Henrietta Reutti Hanson, upon the grounds of lunacy and lack of mental capacity at the time of the marriage ceremony. The complaint alleges that lunacy proceedings were had, in which it was determined that Walter Lathrop Hanson was of unsound mind, in which proceedings a committee of his person and property has been appointed, and it is further alleged that he was of unsound mind and incompetent to be a party to a marriage ceremony.

The grounds upon which the defendant moves are: First, that the plaintiff did not reside in Saratoga county at the time of the commencement of the action; second, that the defendant cannot obtain an impartial trial in Saratoga county; third, that the convenience of witnesses and the ends of justice would be promoted by a change to New York county, the residence of defendant Henrietta Reutti Hanson, or to Suffolk county, where the plaintiff is alleged by the defendant to live.

[1] The defendant shows by an affidavit that the plaintiff is now at Eastport, Long Island, and further that the plaintiff has lived in different apartment houses within the city of New York during the past few years, and that the plaintiff's husband died in the city of Brooklyn. Concerning these allegations there seems to be no dispute. Plaintiff is at this time located at Eastport, Suffolk county, Long Island. By her affidavit it appears that she is interested there in the operation of what is known as the "Pekin Duck Farm," and she states in her affidavit that she hopes to be able to establish there a business in which her son, when he becomes competent, may find congenial employment.

The plaintiff states in her affidavit that she has been a resident of the county of Saratoga for many years, and sets forth in considerable detail all the facts relating to her residence in Saratoga county, why she at times found abiding places elsewhere, that she has a furnished home in the village of Saratoga Springs at this time, that it is her intention to make Saratoga her home, that her temporary absences, either in New York, Brooklyn, or Eastport, do not in any way determine or fix her residence, that her husband is buried in the burial ground at Saratoga, that her son whose conduct is here in question was born in Saratoga, and that for all purposes she considers that her residence.

[2] It is or should be largely a matter of intention. The word "residence," as has been held, is really synonymous with the word "domicile," and it means really home. It means that place to which one, wherever he may be, intends to return. The plaintiff considers Saratoga her home. She says it is her residence, and the affidavits on behalf of the defendant making this motion do not overcome in any degree the claim of the plaintiff.

[3] The second ground, upon which the defendant relies, is that she cannot obtain an impartial trial in Saratoga county because of the influence, political and personal, of the attorneys representing the plaintiff, and because, as is alleged, improper steps were taken in the lunacy proceedings which were had.

This court can hardly review the proceedings which led to the finding that the young man was an habitual drunkard. The defendant alleges that she was not fairly treated when such proceedings were had, and for that reason, in her opinion, her interests would suffer as a defendant in this action if trial was had in Saratoga county, where the lunacy proceedings were had.

We cannot conclude here that any step of the lunacy proceedings was unfair. We are bound by the determination there reached, and until it is judicially found that improper methods prevailed, that undue influence was used, that in fact the defendant did not have that consideration to which she was entitled, we must recognize with full force and effect the inquisition as filed.

[4] The plaintiff presents a long list of witnesses whom it will be necessary to call on the part of the plaintiff to establish the facts concerning Walter Lathrop Hanson's life and his method of living, his habits and his sayings and doings, his mental operations, and the list includes people of different stations in life, public officials and others, and the contention is made on the part of the defendant that because the list is large, and some of the people are influential in a certain way, that therefore a prejudice will exist against her, and the result of the trial in Saratoga county will not be governed by fairness toward her.

With that contention this court cannot agree. The defendant's husband lived his life; and if he did associate with hotel keepers and barkeepers, and was known by the police officers and public officials in Saratoga, it is not improper to call upon such men as witnesses, and whatever they may say will probably be received with no more than the weight to which it is entitled by a jury in Saratoga county any more than in any other county in the state.

As for the political and personal influence of the attorneys representing plaintiff, that matter has once before been passed upon by the Appellate Division in this department in Noonan v. Luther, 128 App. Div. 673, 112 N. Y. Supp. 898. In the Noonan Case Justice Cochrane said:

The record "shows an extensive acquaintance by the defendant, and business and political prominence and activity on his part, and also professional and political prominence of his attorneys. These facts are insufficient to justify the order" changing the place of trial.

In this consideration the court is not embarrassed by the recent decision in Barnes v. Roosevelt, 164 App. Div. 540, 150 N. Y. Supp. 30, in which the place of trial was changed from Albany to Onondaga county, for the reason, as I understand it, that decision was not one intended to lay down the law governing cases of this character; it was simply the law in that particular case, and a majority of the court said that that was the rule which must there prevail, owing simply and entirely to the fact that the parties were who they were.

It cannot be contended here that the parties to this litigation are of such prominence or influence or importance in the community of Saratoga county as to make it impossible to obtain a fair judicial determination of the issues involved in this litigation. But it is claimed that the attorneys for the plaintiff are of such influence, political and otherwise, that the defendant cannot safely submit her case to a court sitting in Saratoga county.

With that contention this court has no sympathy. The attorneys are men of prominence and they are men of standing at the bar. That does not result in their winning cases for that reason alone; they must in the long run have the merits of the case on the side which they represent.

The second ground is therefore not controlling.

[5] The defendant asks for a removal of the cause also for the convenience of witnesses and because the ends of justice would be promoted by a change. The papers show a greater number of witnesses to be called by the plaintiff than by the defendant. The convenience of the witnesses as a whole would not be conserved by the trial of the case in New York or Suffolk county. It would be a particular hardship to take the witnesses to Suffolk county, the farther end of Long Island, and as for changing the place of trial from Saratoga to New York county, it should not be thought of on the ground of the convenience of witnesses, and only for the reason that that was the proper county in which the action should be brought.

This action is one which must be tried, under section 984 of the Code, in the county in which one of the parties resided at the commencement thereof. As heretofore determined, one of the parties resides in Saratoga county, and therefore that is the proper county in which it should be tried, unless the ends of justice require that it should be tried in New York county.

The convenience of witnesses must be entirely subordinate to the question as to what the ends of justice require. The ends of justice require, as this court understands it, that this case should be tried where it properly belongs, unless there is some reason given or shown

why it could not properly be there tried. As I have endeavored to indicate, there has been no reason given. Theories have been expressed and claims have been made on the part of the defendant that a fair trial cannot be had in Saratoga county; but in the exercise of the discretion vested in this court, and governed by the statements made in all of the affidavits here submitted, and with a knowledge somewhat of the administration of justice in Saratoga county, this court is not prepared to say that a case has been submitted which calls upon the court, in the exercise of its discretion, to determine that a fair and impartial trial cannot be had in Saratoga county.

The motion, therefore, is denied, with $10 costs.

Motion denied, with $10 costs.