De Grasse Paper Company, Plaintiff, *v.* Northern New York Coal Company, Defendant.

(Supreme Court, Jefferson Special Term, December, 1920.)

Venue — when motion for change of, granted — verdict — contracts — trial.

> In an action to recover for an alleged breach of contract to deliver a large quantity of coal during the year 1916, it appeared that during the life of the contract the price of coal greatly advanced. Upon the trial it was strongly urged upon the jury that defendant did the best it could and furnished all the coal it could and prorated such as it received among its customers. The judgment entered upon a verdict in favor of defendant for approximately $25,000 was reversed and a new trial ordered. *Held,* that as a verdict in favor of plaintiff for anything like $100,000, the amount claimed, would be a serious loss to defendant, plaintiff's motion for a change of venue will be granted in furtherance of justice, as sympathy for a local concern and for its president and principal stockholder might have an influence upon a jury.

Motion for change of venue.

The plaintiff in the above-entitled action asks for an order changing the place of trial to some county in the fifth judicial district other than Jefferson county, on the ground that there is reason to believe that an

impartial trial cannot be had in that county, and that the ends of justice will be promoted by the change.

Taylor, Jackson, Brophy & Nash (John G. Jackson and Delos M. Cosgrove, of counsel), for plaintiff.

Rockwood & Lark (Nash Rockwood, of counsel), for defendant.

Ross, J.   This motion is applicable to two cases growing out of the same transaction; one (the above) in which the venue was originally laid in St. Lawrence county; the second, which was brought by the above-named defendant against the plaintiff, in which the venue was laid in Jefferson county. The venue in the first action was changed by stipulation to Jefferson county, and the two actions were tried together in Jefferson county. A verdict was rendered for the defendant for approximately $25,000. An appeal was taken to the Appellate Division, and the judgment entered upon the verdict of the jury was reversed.

The above-entitled action is brought to recover for an alleged breach of contract to deliver a large amount of coal during the year 1916. During the life of the contract, the price of coal greatly advanced. The defense upon the previous trial strongly urged upon the attention of the jury that it did the best it could, and furnished all the coal it could obtain, and that it prorated the coal received among its customers. This contention may be true and, although not a defense, is a situation which will appeal strongly to the sympathy of a juror; and it is undoubtedly a fact that a verdict for the plaintiff for anything near the amount claimed by it (some $100,000) would be a serious loss to the defendant. It is thus a case in which sympathy for a local concern might have an influence upon a jury — this without any conduct upon the part

of anyone for the purpose of producing such an impression.

It appears in the moving papers that Mr. Robert J. Buck is connected with many important enterprises in Jefferson county; that he is the president and principal stockholder in the defendant coal company; that he is the president of the Jefferson County National Bank, which has depositors all over the county of Jefferson and has borrowers residing throughout said county; that Mr. Buck is also president of the Marcy-Buck Company, which it is claimed is the largest coal company in the city of Watertown, selling coal to consumers all over that city; that he is also a member of the board of directors of the Agricultural Insurance Company, which company is engaged in fire insurance in Jefferson county; that he is also connected with the Buck Terminal Company, engaged in renting real estate; that he is director of the West End Paper Company, located at Carthage in said county; and that he is a director of the Remington Holding Company, which it is claimed owns some fifteen to twenty stores in the city of Watertown. Upon the former trial, the learned counsel for the defendant endeavored to impress upon the jury that a recovery in this case against the defendant company would reflect upon the integrity and uprightness of Mr. Buck; and there can be no question that, in the trial in Jefferson county of the issues of fact which remain to be submitted to the jury, Mr. Buck would have an advantage which any man of forceful character and success would have in the community in which he lives.

If the administration of justice is properly conducted, it means that the parties shall start with the balance evenly poised; that the tribunal itself should be as nearly impartial as it is possible to obtain with human agencies. As stated in *Barnes* v. *Roosevelt*, 164 App. Div. 540, upon a similar motion: " Jurors

are but individuals and are subject to impressions and influences of which often they are themselves unconscious. The fairness of the trial should be above suspicion, and the place of trial should be one as to which neither party should have reasonable ground of apprehension as to the strict impartiality of each juror. * * *. Justice, as far as possible, must be administered without even the appearance of partiality. * * *.'' For these reasons, I am satisfied that the ends of justice will be served by a change of the place of trial.

While not essential to the decision of this motion, it was urged by the learned counsel for the defendant upon the argument herein, that the convenience of witnesses and parties would best be served by retaining the venue in Jefferson county. Upon the former trial, eleven witnesses testified in behalf of the defendant, of whom five reside in Jefferson county. Of these, Mr. Robert J. Buck and Mr. David M. Anderson are respectively the president and vice-president of the defendant company. The other three witnesses residing in Jefferson county gave testimony relating to the coal shortage for ten months after June, 1916. In other words, they did not have any knowledge of the dealings of these parties with each other, and their testimony was somewhat in the nature of experts. Of the remaining six witnesses, four live in Rochester, and two in the state of Pennsylvania. It also may be stated in this connection that the attorneys for both of these parties have an office in New York city, so that no hardship will be placed upon the defendant in this regard if the trial is had in a neutral county, as accessible as the city of Watertown.

The place of trial is, therefore, changed to the county of Onondaga, N. Y.

Motion granted.