De Grasse Paper Company, Respondent, *v.* Northern New York Coal Company, Appellant.

Fourth Department, May 11, 1921.

**Trial — fact that defendant is prominent and successful business man not ground for changing place of trial — stipulation to change place of trial binding as to subsequent trials.**

The mere fact that the defendant's president was a prominent and successful business man is not enough to justify a change of the place of trial on the ground that a fair and impartial trial cannot be had in the county of his residence, where no facts are shown to justify the conclusion that he had or would improperly influence a jury.

A stipulation entered into by the plaintiff when the case was brought to trial in St. Lawrence county as a condition to putting it over the term, that the case be tried in Jefferson county, meant that the place of trial was to be changed to that county not only for one trial but for all subsequent trials, and the plaintiff is bound by the stipulation which was made largely for its accommodation.

Appeal by the defendant, Northern New York Coal Company, from an order of the Supreme Court, made at the Onondaga Special Term and entered in the office of the clerk of the county of Jefferson on the 22d day of December, 1920, granting plaintiff's motion for an order to change the place of trial from the county of Jefferson to the county of Onondaga.

*Nash Rockwood,* for the appellant.

*John G. Jackson* and *Delos M. Cosgrove,* for the respondent.

CLARK, J.:

This action was commenced in May, 1917, the venue being laid in St. Lawrence county. Both parties are corporations. The president of the defendant corporation is Mr. Robert J. Buck, a resident of the city of Watertown, Jefferson county.

The cause was placed on the calendar for the St. Lawrence Trial Term appointed to be held in January, 1918. Plaintiff's attorneys were not ready for trial at that time, and applied to counsel for the defendant to have the case pass that term. There was another case pending between the same parties wherein this defendant was plaintiff and this plaintiff was defendant, and the venue in that case was laid in Jefferson county. When counsel for the plaintiff in this case applied to have the case go over the St. Lawrence January, 1918, term, defendant's counsel consented, but on condition that the place of trial of the present action be changed from St. Lawrence to Jefferson county, and plaintiff's attorneys stipulated that that change be made, it being understood, however, that when the actions were tried, the present action, which was first brought, should be first tried.

Subsequently, and in October, 1918, this case was tried in Jefferson county and resulted in a verdict in favor of defendant. The judgment was subsequently reversed in the Appellate Division (190 App. Div. 227), whereupon plaintiff moved to change the place of trial from Jefferson county to some other county, on the sole ground that " there is reason to believe that an impartial trial cannot be had in that [Jefferson] county, and that the ends of justice will be promoted by the change." This contention is supported by the single affidavit of one of the attorneys for the plaintiff who states that Mr. Buck, president of the defendant company, who is a resident of the city of Watertown, is a prominent and influential citizen, president of a leading bank, president of a retail coal company and a director in the Agricultural Insurance Company of Watertown, and that he is also connected with two or three other corporations in Jefferson county. Because of these business connections, counsel for the plaintiff states in his affidavit that he " is of

the opinion that no impartial trial between these two parties can be had in Jefferson County." There is no other supporting affidavit, and no fact is stated as to any interference with the jury that had already tried the case. In fact, all there is of it is the opinion of counsel for plaintiff, that because the president of defendant company is a prominent citizen of Jefferson county and connected with several business enterprises in that locality, a fair trial cannot be had in Jefferson county. Defendant met this contention by several affidavits showing that Mr. Buck held no office in Jefferson county that would enable him to exert any undue influence on a jury, and that he was no more prominent in Jefferson county than the president of the plaintiff corporation, and that a perfectly fair trial could be had in Jefferson county. The learned justice at Special Term granted the motion to change the place of trial from Jefferson county to Onondaga county, the principal reason for this action being, that because of the large business interests of the president of defendant company, and his high standing in Jefferson county he " would have an advantage which any man of forceful character and success would have in the community in which he lives." (113 Misc. Rep. 588.)

In my opinion sufficient facts are not shown to justify the opinion of counsel that a fair trial could not be had in Jefferson county. The mere fact that defendant's president is a prominent and successful business man is not enough, when no facts are shown to justify the conclusion that he had or would improperly influence a jury. (*Noonan* v. *Luther,* 128 App. Div. 673; *Hanson* v. *Hanson,* 88 Misc. Rep. 245.)

The case of *Barnes* v. *Roosevelt* (164 App. Div. 540), on which respondent relies, should not control the situation here. The venue in that case was laid in Albany county where plaintiff resided. He was the editor and proprietor of the leading daily newspaper in Albany. He was at the head of one of the most influential political organizations in the State. He was not only a man of very great prominence in a business way, but had for years had a commanding influence on all political matters in Albany county. All officials who had charge of the drawing of juries and conducting courts in that county were supposed to owe their positions largely to his

influence or the influence of his political organization. The court changed the place of trial in that case because of the peculiar facts presented in that particular case. Here, no facts are presented to show that defendant's president had any influence in his county, except such as would naturally arise from a correct and successful life. To say that because a man is successful and respectable, no one else could have a fair trial in his county where he was a party to the litigation, without giving supporting facts, is simply to penalize respectability.

I recommend a reversal of the order on two grounds:

*First.* The moving papers are insufficient in the facts shown to justify the belief that a fair and impartial trial cannot be had in Jefferson county.

*Second.* Plaintiff entered into a stipulation that the case be tried in Jefferson county, and that meant that the place of trial was to be changed to that county not only for one trial but for all subsequent trials, and plaintiff should stand by the stipulation which was made largely for its accommodation.

The order should be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

All concur.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.