John L. Tongate, as Sole Administrator of the Goods, Chattels and Credits of William W. Tongate, Deceased, Plaintiff, *v.* Erie Railroad Company, Elmira, Corning and Waverly Railway, Town of Ashland in Chemung County and Village of Wellsburg in Chemung County, Defendants in One Action, and James W. Kelly, Motye Schneid and Charles Dykeman, Plaintiffs in Three Separate Actions in the Same Court against the Same Defendants.

James W. Kelley, Plaintiff, *v.* Clarence E. Anderson, Defendant in One Action, and Motye Schneid and Charles Dykeman, Plaintiffs in Two Separate Actions in the Same Court against the Same Defendants.

Supreme Court, Chemung Special Term, August 13, 1924.

Trial — motions by plaintiffs to change place of trial pursuant to Civil Practice Act, § 187, subd. 2 — affidavits, alleging impartial trial cannot be had in Chemung county due to unfavorable articles in newspapers circulating in that county and influence of defendants, all of which tend to prejudice plaintiffs' causes of action, insufficient to warrant change of venue.

Motions by the plaintiffs in four causes of action for damages in negligence and nuisance and three for malicious prosecution to change the place of trial from Chemung county to the county of Steuben or some other convenient county, pursuant to subdivision 2 of section 187 of the Civil Practice Act, will be denied where the affidavits submitted, which set forth the publication of supposedly unfavorable articles in newspapers circulating in Chemung county to the prejudice of the plaintiffs and that the influence of the defendants in Chemung county is such as to preclude the possibility of obtaining an impartial jury, are insufficient to induce a belief that an excitement, prejudice or sentiment with reference to the plaintiffs exists in Chemung county to the extent of making it doubtful whether impartial trials can be had.

Motions to change the place of trial under subdivion 2 of section 187 of the Civil Practice Act.

*Sebring & King,* for the plaintiffs.

*Stanchfield, Collin, Lovell & Sayles* and *Samuel Pulford,* for the defendants.

Thompson, J. On the night of November 12, 1923, a closed automobile, owned and driven by one George D. Rose, and in which were also riding William W. Tongate, James W. Kelley, Motye Schneid and Charles Dykeman, accidentally ran off the public highway, and into the Chemung river, at a point in the village of Wellsburg and town of Ashland, Chemung county, near the westerly end of a bridge which there spans the river. Rose and Tongate were drowned. Out of this accident have come seven actions—four for damages in negligence and nuisance, and

three for malicious prosecution. The negligence and nuisance actions were brought by the estate of the deceased Tongate, and Kelley, Schneid and Dykeman against Erie Railroad Company; Elmira, Corning and Waverly Railway; Town of Ashland, and Village of Wellsburg. In the malicious prosecution actions the plaintiffs are the said Kelley, Schneid and Dykeman and the defendant is one Clarence E. Anderson, a coroner of Chemung county, who it is alleged caused the arrest and detention of the plaintiffs upon some charge connected with the accident. The actions were brought originally in the county of Yates, which is the residence county of the living plaintiffs and was the residence of the deceased Tongate. Upon motion of defendants under the Civil Practice Act (§ 187, subd. 3), the place of trial of each of these cases has been changed from Yates county to Chemung county.

We now have motions by the plaintiffs in all these actions to change the place of trial from Chemung county to the county of Steuben or some other convenient county, upon the ground that there is reason to believe that an impartial trial cannot be had in the county of Chemung, and that the ends of justice would be promoted by the change. Civ. Prac. Act, § 187, subd. 2.

In support of the motion there is presented the affidavit of John L. Tongate, administrator of the goods, chattels and credits of William W. Tongate, deceased, Motye Schneid and Charles Dykeman, each affiant signing and verifying the same affidavit; and the affidavit of James O. Sebring and George A. King, plaintiffs' attorneys, who reside and practice their profession in Corning in the county of Steuben, and who have also signed and verified the same affidavit. These men all state that in their opinion there is reason to believe that an impartial trial of these actions cannot be had in Chemung county, and assign as grounds for their belief: *First.* That three newspapers, owned and published by the same company in the city of Elmira, immediately after the accident, printed articles purporting to state the facts and discussing the causes of the accident and containing various comments upon it, thereby impregnating every home in the county with their versions of how it occurred. Then follows the charge that these articles contained many misstatements tending to influence the people against the plaintiffs, and to create the impression that the accident was due wholly to the fault and negligence of said Rose and his said passengers, and further, though not directly, that the articles tended to create the impression that these persons were engaged in some illegal or criminal enterprise. Let it be said first, that there being no action here upon the part of the estate of Rose, the driver of the car, it is difficult to see how a statement blaming

him or charging him with responsibility for the accident could militate in any way against any of these plaintiffs; the rule being that the negligence of the driver cannot be imputed to a passenger. Upon the argument the court was furnished with the articles published in two of the newspapers named by plaintiffs, and extracts from these and other articles are set forth in the moving papers; but complete articles published in the other paper were not submitted. A careful reading of both of these articles and the extracts above mentioned fails to disclose any statement which taken by itself or in connection with the whole or any parts of the articles or statements can by any reasonable construction be said to create or tend to create an unfavorable feeling against the plaintiffs or their rights of action. Moreover in none of these claimed articles or excerpts is there found mention or suggestion of a charge that these men were concerned in any criminal or other improper project or conduct, nor can the publications be said to be extravagant, inflammatory or denunciatory, or designed to prejudice, or capable in any manner, of prejudicing, the plaintiffs or their rights of action.   Baylies Tr. Pr. 93.

In fact, in the light of the facts as they are presented by the pleadings and by the statements of respective counsel on the various arguments that this court has heard, as well as by the briefs and affidavits, these newspaper accounts are unusually accurate and fair.

While it is doubtless true it is proper for a court to consider denunciatory articles, so far at least as their probable effect on the minds of the public is concerned, it must be remembered that they are of no value whatever as evidence of the facts and statements set forth in them, and that, as a rule, citizens who are fit to try litigated cases will not allow previous opinions based on unofficial reports to control their judgment against the sworn evidence in the case.   27 R. C. L. 816, 823.

*Secondly.* The affidavits state a belief that fair and impartial trials of these actions cannot be had in Chemung county because plaintiffs have arrayed against them practically the whole of the county with its taxpayers and county officials, all of whom, they charge, are interested financially or otherwise, and that the standing and influence of defendant railroad companies and municipalities and their counsel is such that an impartial jury cannot be obtained.

Standing alone these considerations are not sufficient, either in law or fact, to give rise to a belief that an impartial trial of an action cannot be had in a given county.   *Lent* v. *Ryder*, 47 App. Div. 415; *Weiant* v. *Rockland Lake Trap Rock Co.*, 74 id. 24; *Noonan* v. *Luther*, 128 id. 673.

An extensive acquaintance by the defendants and business and political prominence and activity on their part, and also professional

and political prominence of the attorneys are not sufficient to justify the order. Jurors are not likely to be influenced by such unworthy considerations. And the belief of a party in his inability to procure an impartial trial is insufficient in the absence of facts and circumstances showing such belief to be well founded. *Noonan* v. *Luther*, 128 App. Div. 673; *De Grasse Paper Co.* v. *Northern New York Coal Co.*, 196 id. 719.

There must not only be a belief that these persons have or probably will directly or indirectly do or cause to be done something that will influence a jury or bring about in some manner a condition of public prejudice or excitement against the plaintiffs or their causes of action that will be likely to prevent an impartial trial, but facts justifying such a conclusion must be shown. A suspicion is not sufficient, nor is a certainty required, but the plain rule of the section must be met. *De Grasse Paper Co.* v. *Northern New York Coal Co.*, *supra.*

Moved by these considerations, and aware of the rule that it need not be conclusively shown that an impartial trial cannot be had in Chemung county, but only that there is reason to believe that an impartial trial cannot be had there (*Jacob* v. *Town of Oyster Bay*, 119 App. Div. 503), I find as a fact that there are not sufficient facts here to induce a belief that an excitement, prejudice or sentiment with reference to these cases from any cause, or at any time, existed in Chemung county, or prevails now, making it doubtful whether impartial trials can be had.

These observations refer alike to the actions against the coroner, whose absolute right to have the trial had in the county where the cause of action arose is subject to the provisions of the Civil Practice Act (§ 187, subd. 2), under which these motions are brought. *People* v. *Kingsley*, 8 Hun, 233.

Motion in the cases against defendant Anderson denied, with costs; in the other cases the motions are denied, with costs to abide the event of the trials.

Ordered accordingly. ─────────