In the Matter of the Probate of the Will of BERTHA J. COREY, Deceased.

Surrogate's Court, Jefferson County, October 5, 1948.

*Arthur B. Hart* for Cleve Jenne and others, objectants.

*Ruth K. Child* and *Charles A. Phelps* for Samuel Child, petitioner.

WRIGHT, S. In this probate proceeding contestants move to change the place of trial from Jefferson County to Onondaga County on these grounds: (a) " a fair and impartial trial cannot be had in Jefferson County because practically every person in Jefferson County who might be called as a juror is directly or indirectly interested in the outcome of this trial due to the fact that the alleged Last Will and Testament bequeathed substantial sums to various institutions located in Jefferson County, and the jurors would naturally be inclined to give great weight to the charitable intent of the alleged

Will rather than to the legality of it; (b) for the convenience of witnesses and the promotion of the ends of justice.''

The matter has been set down for trial on November 1st, before the Surrogate and a jury drawn for service in this court. My attention has not been directed to any precedent where the place of trial has been changed in a will contest, nor do I find any such precedent.

The instrument offered for probate gives to, or for the benefit of, the following: Sanford's Corners Cemetery Corporation, The First Methodist Church of Watertown, Visiting Nurse Association of Watertown, Mercy Hospital of Watertown, House of the Good Samaritan of Watertown and Watertown Community Chest. A bequest is made to one Florence Worlock and the residue is given to the decedent's '' heirs at law ''. The objectants would appear to be in the latter category as distributees.

The moving papers fail to disclose any facts or circumstances which would justify changing the place of trial of this will contest on the ground that a fair and impartial trial cannot be had in Jefferson County, of which county the decedent died a resident. The belief of a party in his inability to procure an impartial trial is insufficient in the absence of facts and circumstances showing such belief to be well founded. (*Noonan* v. *Luther,* 128 App. Div. 673.) For the court to assume that a jury in Jefferson County would be unable fairly and impartially to determine the issues here involved because the instrument offered for probate contains a number of charitable bequests would cast on the jury system an aspersion which it does not deserve.

Contestant's affidavit on this motion states that he will call as witnesses two named physicians residing in Syracuse, and that he will call '' several nurses '' connected with a Syracuse hospital. The names of the nurses are not given nor does he disclose the testimony which the physicians or nurses will give at the trial. There is nothing before the court on which it can be determined whether the witnesses are necessary and material, and the contestant has failed to show any good reason for a change of place of trial on the ground of convenience of witnesses. The ends of justice would seem to be best promoted by a trial in the county of the decedent's residence.

Motion denied, with ten dollars costs.