Isadore Booksteih, J.
Defendants move to change the place of trial of this action from Schoharie County, a proper county, to an adjoining county, on the ground that there is reason to believe that an impartial trial cannot be had in the proper *457 county, and that the ends of justice will be promoted by the change (Civ. Prac. Act, § 187).
The case was before me for a pretrial conference at the April 1960 Trial Term, so that I am somewhat familiar with the unusual problems presented thereby.
We are confronted by an action of some 126 plaintiffs in this action. All of them are dairy farmers, residing in a small rural county with a total jury list of 1,500. Moreover, there are many more dairy farmers in the county who are delivering milk to defendants, some of whom, while not plaintiffs in this action, are in the same position as are the plaintiffs, with reference to the dispute, which is the subject matter of this action.
Obviously, for one to say as a certainty that a fair and impartial trial cannot be had in Schoharie County, is an utter impossibility, and, if section 187 means that there must be such a finding, the motion would have to be denied.
Moreover, I have done an enormous amount of research and have read virtually all of the decisions on motions to change the place of trial, and have found no precedent for granting such a motion as is here made. But in that research, I have found no case that parallels the instant one. The closest approach to it is the case of Stoddard v. President, etc. of Delaware & Hudson Canal Co. (62 Hun 619, opinion in 16 N. Y. S. 621). In that case, plaintiff was one of 21 persons injured in a railroad accident, who resided in Washington County, out of a total of 21 passengers injured. The court there granted the motion to change the place of trial stating “that there are many facts which show that it would probably be difficult or impossible to have an impartial trial in Washington County ”. (Italics supplied.) It is true that in that ease there was considerable evidence of dissemination by plaintiff and others injured and by their relatives and friends, a feeling of and sentiment of prejudice and hostility against defendant, while no such proof is presented in this case.
In Noonan v. Luther (128 App. Div. 673) the court said: 1 ‘ An order like the one in question rests largely in the discretion of the Special Term, but facts and circumstances must appear in the motion papers before such discretion can properly be exercised. The belief of a party in his inability to procure an impartial trial is insufficient in the absence of facts and circumstances showing such belief to be well founded.”
In Jacob v. Town of Oyster Bay (119 App. Div. 503, 504) the court held that on application such as this it is not necessary to show “ conclusively ” that an impartial trial cannot be had in the proper county. The statute authorizes a change when there *458 is “ reason to believe ” that an impartial trial cannot be had in the proper county.
A change of the place of trial on the grounds here urged is no reflection on the jurors of the county of venue. As the court said in Jacob v. Town of Oyster Bay (supra, p. 505): “ Our conclusion in no way reflects upon the general character of the possible jurors of the county of venue, but we cannot shut our eyes to the fact that upon a matter of such public interest and widespread agitation, involving the direct ownership of valuable realty by an important community' in the county, any jurors might have strong feelings or prejudices which unconsciously would sway their verdict.”
In Arkwright v. Steinbugler (283 App. Div. 397, 399) the court said: “No matter how conscientious they may be, jurors are but individuals, and may be subject to influences of which they themselves may often be unaware. Defendant does not fear that anyone will intentionally do him an injustice. His objection is that an unconscious bias may exist, which might operate to his disadvantage. We are of the opinion that he should not be required to assume that risk. Whether such bias may or may not exist, there is at least the possibility that the defendant’s rights would have been prejudiced if his motion had been denied. Such being the case, the reasonable ground for belief, required by the statute (Civ. Prac. Act, § 187, subd. 2) has been established.”
Lack of a precedent is no basis for a failure to exercise discretion favorably to this application. Such lack is due to the failure to find any similar situation upon which a court has ruled. Nor is hesitation to establish a precedent a reason for refusing or failing to exercise the discretion expressly vested in the court. The discretion vested must be exercised and not evaded or avoided.
My conclusion is that a sound exercise of discretion dictates the granting of the motion.
Motion granted and place of trial changed from Schoharie County to Columbia County. Submit order. All papers to attorney for defendants.