Jack Stanislaw, J.
Plaintiff moves: (1) for permission “ to examine the methods used by the Commissioner of Jurors of Suffolk County in selecting the array of jurors who serve in the courts of Suffolk County to determine the reasonableness and *822 fairness of such selection method; and (2) for a change of venue on the ground that plaintiff will be irreparably harmed in the event such relief is not granted.
The order to show cause, by which plaintiff moves, is directed against the defendants in a negligence action as well as the Commissioner of Jurors of Suffolk County. Since the latter is not a party to a pending action or special proceeding (the order to show cause bears the title of the negligence action and is not supported by a petition but merely an attorney’s affidavit), we find no authority on the papers before us to grant the relief requested on the first branch of the motion.
Movant contends that he will not be afforded a fair and just trial in Suffolk County because he, his mother and their witnesses “ are black * * * [while] defendants [and their witnesses] are all white ” and the panel of jurors, as observed by plaintiff’s counsel, reflects “ a substantial lack of black people who are available for selection as jurors.” There is, however, no allegation to the effect that the Commissioner of Jurors violated any Federal or State law prohibiting the exclusion of jurors on account of race or color or that there is any discrimination in the selection or summoning of jurors on racial grounds in Suffolk County (Hill v. Texas, 316 U. S. 400; Patton v. Mississippi, 332 U. S. 463; Civil Rights Law, § 13; Judiciary Law, § 500 et seq.). Nor does movant challenge the validity of any of the relevant statutes, none of which prescribe a fixed proportionate representation of all groups or of any one racial group within the community on the panel of jurors.
Thus, even if we were to deem the supporting affidavit a petition, so as to constitute the first branch of this motion a special proceeding against the Commissioner, it would be subject to dismissal on the ground there is no prima facie showing of discrimination. (Affiant’s statistics, of 3 black veniremen out of 425 people empaneled, are based upon his observation on a single day last spring.) He states he has no knowledge of the percentage of black people in the population of Suffolk County, but is ‘ ‘ certain that it far exceeds the percentage that appears on the rolls of veniremen as [he] saw the situation [on May 20, 1968].” Such sampling is hardly sufficient to support a claim of bias. A charge of implied bias must be supported by a showing that the absence of a proportionate number of a minority group on the jury roll was caused by discrimination (Fay v. New York, 332 U. S. 261).
Nor does the supporting affidavit allege a valid basis for granting the second branch of the motion. Even in criminal matters where life and liberty (as compared to property rights) *823 are at stake, litigants have no vested right in any particular method of jury selection so long as the resulting array is not the product of intentional discrimination. As stated in People v. Cohen (54 Misc 2d 873, 875): “ When traditionally correct standards of selection have been honestly applied, there is no infraction of constitutional guarantees no matter what the result (United States v. Flynn, 216 F. 2d 354; Thomas v. Texas, 212 U. S. 278).” And as noted in People v. Ferguson (55 Misc 2d 711, 718-719): “ ‘ A defendant in a criminal case has no constitutional right to be indicted or tried by any particular jury, or by a jury composed in part of members of his race or class. * * * The defendant’s right is a neutral jury. He has no constitutional right to friends on the jury. ’ Only where there is an intentional deliberate and systematic exclusion of or discrimination against members of a particular political or economic group, religious faith, race or sex in the summoning and selection of jurors is there an infringement of the rights of due process and equal protection of the law.” We find no authority to afford a plaintiff in a negligence action any greater protection. As stated by the attorney for the plaintiff in this case : “ The sole issue of fact for determination by the jury will be * * * whether the plaintiff Oabanis went through a stop sign without stopping or whether he stopped and after starting up stalled, and could not get started [and] was hit, while stalled, in the intersection.”
CPLR 510 (subd. 2) authorizes the court, in its discretion, to grant a motion for change of venue where “ there is reason to believe that an impartial trial cannot be had in the proper county ”. (Emphasis supplied.) It is essential, however, that facts and circumstances appear in the motion papers to support such belief before that discretion can be exercised (Noonan v. Luther, 128 App. Div. 673). Here, the moving papers merely reflect the opinion of plaintiff’s attorney. But it is not supported by facts showing his belief to be well-grounded. The mere expression of belief or opinion by a party that he will not be afforded a fair trial has never been held valid grounds for changing the place of trial (Noonan v. Luther, supra).
The motion, therefore, is in all respects denied.